Nos. 25-1555 through 25-1578; 25-1580 through 25-1593; 25-1676; and 25-1677
(Consolidated)

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

ATLAS DATA PRIVACY CORP., *As Assignee of Individuals Who Are Covered Persons*; JANE DOE 1, *a Law Enforcement Officer*; JANE DOE 2, *a Law Enforcement Officer*; EDWINMAL DONADO; SCOTT MALONEY; JUSTYNA MALONEY; PATRICK COLLIGAN; PETER ANDREYEV; AND WILLIAM SULLIVAN,

                                              PLAINTIFFS-APPELLEES,

*v.*

WE INFORMLLC, ET AL.

                                              DEFENDANTS-APPELLANTS.

On Appeal from the United States District Court
For the District of New Jersey, Camden Division
The Honorable Harvey Bartle III

# MOTION TO PROCEED ANONYMOUSLY

| | |
|---|---|
| *Attorneys for Plaintiffs*<br><br>**PEM LAW LLP**<br>Rajiv D. Parikh<br>Kathleen Barnett Einhorn<br>Jessica A. Merejo<br>One Boland Drive, Suite 101<br>West Orange, New Jersey 07052<br>Telephone: (973) 577-5500<br>Emails: rparikh@pemlawfirm.com<br>      keinhorn@pemlawfirm.com<br>      jmerejo@pemlawfirm.com | **BOIES SCHILLER FLEXNER LLP**<br>Adam Shaw (admitted *pro hac vice*)<br>30 South Pearl Street, 12th Floor<br>Albany, New York 12207<br>Telephone: (518) 434-0600<br>Email: ashaw@bsfllp.com<br><br>Mark C. Mao (admitted *pro hac vice*)<br>Julia Bront (admitted *pro hac vice*)<br>44 Montgomery Street, 41st Floor<br>San Francisco, California 94104<br>Telephone: (415) 293-6800<br>Email: mmao@bsfllp.com<br>jbront@bsfllp.com<br><br>James Lee (admitted *pro hac vice*)<br>100 SE Second Street, Suite 2800 Miami, Florida 33131<br>Telephone: (305) 357-8434<br>Email: jlee@bsfllp.com<br><br><br>Eric Palmer (admitted *pro hac vice*)<br>401 E. Las Olas Blvd., Suite 1200<br>Fort Lauderdale, Florida 33301<br>Telephone: (954) 377-4250<br>Email: epalmer@bsfllp.com<br><br><br>**MORGAN & MORGAN, P.A.**<br>Ryan J. McGee (admitted *pro hac vice*)<br>John A. Yanchunis (admitted *pro hac vice*)<br>201 N. Franklin Street, 7th Floor<br>Tampa, Florida 33602<br>Telephone: (813) 223-5505<br>Email:<br>      rmcgee@forthepeople.com |

|  | jyanchunis@forthepeople.com |
|---|---|

## **INTRODUCTION**

Plaintiff-Appellee Jane Doe-1 submits this Motion to Proceed Anonymously in response to the Court's Order dated April 1, 2025, directing Plaintiffs Jane Doe-1 and Jane Doe-2 to (1) provide a copy of the state- or district-court order granting them the right to proceed anonymously or (2) file a motion asking this Court for that relief. Jane Doe-1 has not been granted formal permission to proceed anonymously. But Defendants have never expressed any opposition to her doing so, Jane Doe-1 has made her name available to Defendants on a confidential basis, and Jane Doe-1 respectfully requests that this Court permit her to continue to proceed anonymously on appeal. Plaintiff-Appellee Jane Doe-2 no longer wishes to be involved in this litigation, and Plaintiffs' counsel will move for her dismissal as a party in this Court and the United States District Court for the District of New Jersey.

Proceeding anonymously is critical for Jane Doe-1. These suits focus on how Defendants continue to publish the home addresses and telephone numbers of many law enforcement officers, judges, and prosecutors, in violation of Daniel's Law. As detailed below, Jane Doe-1 has been surveilled by a major criminal organization. Requiring Jane Doe-1 to proceed under her real name will result in public attention directed at Jane Doe-1 that will increase the risk of physical harm for her and her family. If the Court is unwilling to permit her to proceed under this pseudonym, Jane Doe-1 will be unable to participate in this litigation.

## BACKGROUND

These cases arise under Daniel's Law, a New Jersey statute that confers rights on law enforcement, judges, prosecutors, and their family members to prevent the disclosure of their home addresses and unpublished home telephone numbers. N.J.S.A. 2C:20-31.1. Judges, law enforcement officers, and prosecutors put their lives on the line every day, putting themselves and their families at risk, and Daniel's Law provides them with a mechanism to protect themselves and their families from risks that arise from widespread access to their personal contact information. Compl. ¶¶ 13–14.[1]

For Jane Doe-1, these risks have already materialized in the past. As detailed in the Complaint, Plaintiff Jane Doe-1 is a decorated veteran police officer who lives with her spouse and their young child. *Id.* ¶ 15; Ex. 2 ¶ 1. Between 2021 and 2022, Officer Doe-1 participated in a task force that targeted a major criminal organization operating in the state. Compl. ¶ 15; Ex. 2 ¶¶ 2-3. Her efforts ultimately led to the arrest and prosecution of a member of the organization's leadership, an individual with an extensive criminal history including threats of violence. Compl. ¶ 15; Ex. 2 ¶ 4. In the subsequent investigation, digital devices recovered from the

---

[1] All docket citations are to the Complaint filed against Defendant Whitepages, Inc., et al. (hereafter, "Compl."), Ex. 1, and to the docket in *Atlas Data Privacy Corp. v. Whitepages Inc.*, No. 1:24-cv-25-1555-HB (D.N.J). All other relevant Complaints featuring Jane Doe-1 as a Plaintiff are materially the same for purposes of this Motion.

organization's leadership were found containing photographs of Officer Doe-1's personal residence, including night-time photography of her young child in bed. Compl. ¶ 15; Ex. 2 ¶¶ 5-7. Further investigation revealed that the criminal organization's leadership had initiated surveillance and were tracking Officer Doe-1's movements to and from her home immediately prior to the task force initiating arrests. Compl. ¶ 15; Ex. 2 ¶¶ 8-9.

## ARGUMENT

Jane Doe-1 should be permitted to proceed anonymously on appeal before this Court, as she has at every prior stage of these proceedings. Jane Doe-1 has a "reasonable fear of severe harm [that] outweighs the public's interest in open judicial proceedings." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). She has been subjected to credible threats of violence from a criminal organization that obtained or hired others to find her home address. Requiring Jane Doe-1 to proceed under her name would create an obvious pathway to connect her with her current addresses, obtain additional information, and expose her to renewed risks of harm. By contrast, the public has no obvious interest in ascertaining the identity of Jane Doe-1—and if anything, has an interest in protecting her privacy. Thus, there is no reason to require disclosure of Jane Doe-1's identity on appeal to this Court.

## I. Jane Doe-1 Has a Reasonable Fear of Severe Harm.

Jane Doe-1 has a plainly reasonable fear that disclosure of her identity would expose her to physical harm—the paradigmatic case for permitting a plaintiff to proceed anonymously. *B.L. v. Fetherman*, 2023 WL 1818402, at *4 (D.N.J. Feb. 8, 2023) ("[T]he legitimate threat of physical harm is the paradigmatic example of a circumstance that would warrant proceeding anonymously." (citing *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1044 (9th Cir. 2010)); *Doe v. Triangle Doughnuts, LLC*, 2020 WL 3425150, at *5 (E.D. Pa. June 23, 2020) ("[A]dditional threats or violent interactions" justify proceeding anonymously).

Jane Doe-1 faces a credible threat of violence by virtue of her past work investigating a criminal organization. Between 2021 and 2022, Jane Doe-1 was a member of a task force that targeted a major criminal organization in New Jersey, which ultimately led to the arrest and prosecution of a member of the organization's leadership. Compl. ¶ 15.; Ex. 2 ¶¶ 2-7. The organization tracked her movements through a variety of methods, including hiring a private investigator to search online data-broker websites to obtain her home address. Ex. 2 ¶¶ 8-9. Disclosure of Jane Doe-1's identity to the public at large would call attention to her role in the prosecution, and evidence and public filings in these cases might include references to her address or other information, which might encourage members of the criminal

4

organization who remain at large to resume their surveillance and attempt to physically harm Jane Doe-1 and her family. *Id.* ¶ 10.

Jane Doe-1 thus has good reason to believe "[l]itigating publicly will…contribute further to the harm [she] alleges has already occurred." *Megless*, 954 F.3d at 410. Disclosing her name and participation in this litigation will draw public attention to the fact that her home address and phone number are disclosed on Defendants' websites. Compl. ¶¶ 28, 54, 60–63. Given her past exposure to credible threats to her safety—and the risk that the same individuals might target her again—Jane Doe 1 has reasonable grounds to fear that this publicity will endanger her physical safety. *See Doe v. Pennsylvania Dep't of Corr.*, 585 F. Supp. 3d 797, 805 (W.D. Pa. 2022) ("Doe's complaints of past harassment and threats are credible and, in and of themselves, raise a heighted risk of future harassment and threats should Doe lose their anonymity.") (citation omitted); *Doe v. Univ. of Scranton*, 2020 WL 1244368, at *2 (M.D. Pa. Mar. 16, 2020) (reasonable fear existed where litigant previously experienced death threats following disclosure).

## II.   The Private and Public Interest Factors Favor Anonymity

Jane Doe-1's interests in protecting her safety and privacy outweigh any countervailing public interest in ascertaining her identity. This Court has identified six factors that favor anonymity:

> (1) the extent to which the identity of the litigant has been kept confidential;
> (2) the bases upon which disclosure is feared or sought to be avoided, and the

> substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Megless*, 654 F.3d at 409 (quoting *Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464, 467-68 (E.D. Pa. 1997)). This Court has also identified three factors "disfavoring anonymity," namely:

> (1) The universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigants' identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseydonym by counsel, the public, or the press is illegitimately motivated.

*Id.* (quoting *Provident* Life, 176 F.R.D. 467-68). These factors uniformly favor allowing Jane Doe-1 to continue to proceed anonymously on appeal.

To begin, Jane Doe-1's identity has "been kept confidential" at every stage in proceedings below and was "not disclosed in any of the pleadings, motions, and/or exhibits in this action." *Doe v. Lund's Fisheries, Inc.*, 2020 WL 6749972, at *2 (D.N.J. Nov. 17, 2020); *Doe v. Oshrin*, 299 F.R.D. 100, 103 (D.N.J. 2014). There is no suggestion Jane Doe-1 has "illegitimate ulterior motives." *Megless*, 654 F.3d at 411. And as discussed, Jane Doe-1 reasonably fears that disclosure of her name and participation in this litigation will expose her to a risk of revictimization at the hands

of those who have previously targeted them or new assailants. *Doe v. Trishul Consultancy, LLC*, 2019 WL 4750078, at *5 (D.N.J. Sept. 30, 2019) (recognizing "a strong interest in incentivizing plaintiffs to litigate their claims without threat of revictimization"). For the same reason, "denying [P]laintiff's motion may inhibit [her] willingness to pursue [her] claims." *Lund's Fisheries*, 2020 WL 6749972, at *3 (citation omitted).

Conversely, Defendants have never objected to Jane Doe-1 proceeding anonymously, and there is no reason to believe Defendants will suffer any prejudice because Jane Doe-1 has agreed to privately disclose their identities to enable Defendants to adequately litigate their claims. And far from militating against anonymity, the public interest *favors* "maintaining the confidentiality of the litigant's identity" here. *Megless*, 654 F.3d at 409 (quotation marks and citation omitted). In enacting Daniel's Law, the New Jersey Legislature determined that the public interest required providing law enforcement, prosecutors, and judges with a way to protect their addresses and phone numbers from widespread public disclosure. Requiring disclosure of Jane Doe-1's name would defeat that purpose by advertising where her address and phone number are readily accessible online—on Defendants' websites. Moreover, if Jane Doe-1 is "forced to reveal…her name," other covered persons who face similar risks of having their name connected with their address or phone number through increased publicity will "be deterred from litigating claims

that the public would like to have litigated." *Megless*, 654 F.3d at 410; *Doe v. Middlesex Count, New Jersey*, 2021 WL 130480, at *5 (D.N.J. Jan. 14, 2021) ("[P]rotecting [plaintiff's] identity will help ensure similarly situated plaintiffs are not dissuaded from pursuing their claims").

These cases also feature an "atypically weak public interest in knowing the litigants' identities" because of the predominantly "legal nature of the issues presented" in these appeals and in Daniel's Law cases generally. *Megless*, 654 F.3d at 409 (quotation marks and citation omitted). In these appeals, the only issue is whether Daniel's Law facially violates the First Amendment—a purely legal question for which "the individual facts and circumstances surrounding each [p]laintiff are not of central importance." *L.A. v. Hoffman*, 2015 WL 4461852, at *2 (D.N.J. July 21, 2015). And to establish their claims under Daniel's Law, Plaintiffs need only prove that Defendants disclosed their address and phone number more than 10 days of receipt of a nondisclosure request, *see* N.J.S.A. 56:8-166:1(a), which typically implicates few issues of public significance. *Oshrin*, 299 F.R.D. at 104 (refusing to find a "public interest in ascertaining Plaintiff's actual identity" because plaintiff's claims would only "require the Court to resolve primarily legal issues" and "address whether…Plaintiff suffered specific damages.").

Finally, the factors "disfavoring anonymity" do not apply to these cases. *Megless*, 654 F.3d at 409. These cases do not involve any "particularly strong

interest" in public disclosure of Jane Doe-1's identity, and neither Defendants nor "the public, or the press" have ever raised any "opposition" to Jane Doe-1 proceeding anonymously. *Id.* (quotation marks and citation omitted). "[E]ven if Plaintiff's actual identity remains confidential, these proceedings will remain public, thereby preserving any general public interest in the subject matter of this litigation." *Oshrin*, 299 F.R.D. at 104; *see also Provident Life*, 176 F.R.D. at 468 ("[U]se of a pseudonym [would] not interfere with the public's right or ability to follow the proceedings[,]" because "the proceedings" remained "open to the public"); *Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001) (permitting litigant to proceed anonymously when it would "not impede the public's ability to follow the proceedings."). Although there is a "universal interest in favor of open judicial proceedings," *Megless*, 654 F.3d at 411, that interest "exists in some respect in all litigation and does not outweigh the strength of the [other] factors." *Doe v. Hartford Life & Acc. Ins. Co.*, 237 F.R.D. 545, 551 (D.N.J. 2006); *Lund's Fisheries*, 2020 WL 6749972, at *4 (same).

## **CONCLUSION**

For these reasons, Jane Doe-1 respectfully requests that this Court allow her to continue anonymously on appeal.

9

Dated: April 15, 2025                Respectfully submitted,

                                **BOIES SCHILLER FLEXNER LLP**

By: s/ *Adam R. Shaw*
   Adam R. Shaw
   30 South Pearl Street, 12th Floor
   Albany, NY 12207
   Tel: (518) 434-0600
   ashaw@bsfllp.com

   Mark C. Mao
   44 Montgomery St., 41st Floor
   San Francisco, CA 94104
   Tel.: (415) 293-6800
   mmao@bsfllp.com

   Eric M. Palmer
   401 E. Las Olas Blvd., Suite 1200
   Fort Lauderdale, FL 33301
   Tel: (954) 377-4250
   epalmer@bsfllp.com

   Samantha Parrish
   2029 Century Park East, Suite 1520
   Los Angeles, CA 90067
   Tel.: (213) 629-9040
   sparrish@bsfllp.com

   **PEM LAW LLP**
   Rajiv D. Parikh
   Kathleen Barnett Einhorn
   Jessica A. Merejo
   One Boland Drive, Suite 101
   West Orange, New Jersey 07052
   Tel: (973) 577-5500
   rparikh@pemlawfirm.com
   keinhorn@pemlawfirm.com
   jmerejo@pemlawfirm.com

**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
John A. Yanchunis (application for admission to be filed)
Ryan J. McGee (application for admission to be filed)
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@ForThePeople.com
rmcgee@ForThePeople.com

*Attorneys for Plaintiffs-Appellees*

## **CERTIFICATE OF COMPLIANCE**

This document complies with the word limit of Fed. R. App. P. 32(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2175 words. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Times New Roman.

Dated: April 15, 2025                              *s/ Adam R. Shaw*
                                                              Adam R. Shaw

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the appellate CM/ECF system on April 15, 2025.

Dated: 4/15/2025 /s/ *Adam R. Shaw*
Adam R. Shaw