Nos. 25-1555 through 25-1578; 25-1580 through 25-1593; 25-1676; and 25-1677
(Consolidated)

**UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**

ATLAS DATA PRIVACY CORP., *As Assignee of Individuals Who Are Covered Persons*; JANE DOE 1, *a Law Enforcement Officer*; JANE DOE 2, *a Law Enforcement Officer*; EDWINMAL DONADO; SCOTT MALONEY; JUSTYNA MALONEY; PATRICK COLLIGAN; PETER ANDREYEV; AND WILLIAM SULLIVAN,

PLAINTIFFS-APPELLEES,

*v*.

WE INFORMLLC, ET AL.

DEFENDANTS-APPELLANTS.

---

On Appeal from the United States District Court
For the District of New Jersey, Camden Division
The Honorable Harvey Bartle III

---

**PLAINTIFFS-APPELLEES' OPPOSITION TO MOTION TO STAY DISTRICT COURT PROCEEDINGS PENDING APPEAL**

---

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................1

BACKGROUND ........................................................................................2

Pertinent History of The Appeal ........................................................................................2

Pertinent History of the District Court Proceedings ........................................................................................4

STANDARD OF REVIEW ........................................................................................7

ARGUMENT ........................................................................................8

I. Defendants Fail to Show Irreparable Harm. ........................................................................................8

II. Defendants Have No Realistic Prospect of Succeeding on Their Facial Challenge. ........................................................................................12

III. Plaintiffs and the Public Interest Will Be Prejudiced by a Stay. .........13

CONCLUSION ........................................................................................15

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Americans for Prosperity Found. v. Albence*,
No. 26-2469, 2026 WL 2563151 (3d Cir. Aug. 31, 2026) .................................... 8

*Association of N.J. Rifle & Pistol Clubs, Inc. v. Attorney General New Jersey*,
910 F.3d 106 (3d Cir. 2018) .................................................................................. 12

*Atlas Data Privacy Corp. v. Joy Rockwell Enterprises, Inc.*,
No. 1:24-cv-04389 (D.N.J.) ...................................................................................... 5

*Atlas Data Privacy Corp. v. We Inform*,
2025 WL 1787566 (D.N.J. Jun. 27, 2025) .............................................................. 11

*Atlas Data Privacy Corp. v. We Inform, LLC*,
2026 WL 2327966 (N.J. Aug. 12, 2026) .................................................................. 3

*Atlas Data Privacy Corp. v. We Inform, LLC*,
No. 24-cv-04037 (D.N.J.). ..................................................................................... 4, 12

*Atlas Privacy Corp. v. Innovis Data Solutions, Inc.*,
No. 24-cv-04176 ........................................................................................................ 6

*Citibank, N.A. v. Citytrust*,
756 F.2d 273 (2d Cir. 1985) ..................................................................................... 9

*Clinton v. Jones*,
520 U.S. 681 (1997) ................................................................................................... 7

*Credit One Bank, N.A. v. Anderson*,
560 B.R. 84 (S.D.N.Y. 2016) .................................................................................. 10

*Hilton v. Braunskill*,
481 U.S. 770 (1987) ................................................................................................ 7, 8

*In re Ligado Networks LLC*,
2026 WL 611177 (3d Cir. Mar. 2, 2026) ................................................................ 13

*Kos Pharm., Inc. v. Andrx Corp.*,
369 F.3d 700 (3d Cir. 2004) ....................................................................10

*Kratovil v. City of New Brunswick*,
336 A.3d 201 (N.J. 2025)..........................................................................12

*Kwik Ticke Inc.t v. Spiewak*,
No. 20-cv-01201 (FB) (SJB), 2020 WL 5658723 (E.D.N.Y. Sept. 23, 2020).....10

*Lanin v. Borough of Tenafly*,
515 F. App'x. 114 (3d Cir. 2013) ..............................................................8

*Luxshare, Ltd. v. ZF Auto. US, Inc.*,
15 F.4th 780 (6th Cir. 2021).......................................................................10

*Missouri v. Biden*,
No. 3:22-CV-01213, 2022 WL 18142520 (W.D. La. Nov. 2, 2022)..................10

*Moody v. NetChoice, LLC*,
603 U.S. 707 (2024)........................................................................ 1, 12, 13

*NetChoice v. Bonta*,
170 F.4th 744 (9th Cir. 2026).....................................................................13

*New York Times Co. v. Sullivan*,
376 U.S. 254 (1964)...................................................................................12

*Ng v. Bd. of Regents of Univ. of Minn.*,
64 F.4th 992 (8th Cir. 2023).........................................................................9

*PFLAG, Inc. v. Trump*,
No. 25-1279, 2026 WL 142973 (4th Cir. May 21, 2026) ..................................8

*Plastic Surg. Ctr., P.A. v. Aetna Life Ins. Co.*,
967 F.3d 218 (3d Cir. 2020) .......................................................................12

*Republic of the Philippines v. Westinghouse Elec. Corp.*,
949 F.2d 653 (3d Cir. 1991) .........................................................................7

*S.S. Body Armor I., Inc. v. Carter Ledyard & Milburn LLP*,
927 F.3d 763 (3d Cir. 2019) ....................................................................8, 12

*Sampson v. Murray*,
415 U.S. 61 (1974) .......... 10

*Tough Traveler, Ltd. v. Outbound Products*,
60 F.3d 964 (2d Cir. 1995) .......... 9

*Trump v. Sec'y Commonwealth of Pa.*,
830 F. App'x. 377 (3d Cir. 2020) .......... 7, 15

*U.S. v. Tyson*,
947 F.3d 139 (3d Cir. 2020) .......... 13

*Virginia Ry. Co. v. United States*,
272 U.S. 658 (1926) .......... 7

*Wilkins v. Hegseth*,
184 F.4th 254 (4th Cir. 2026) .......... 9

*Winter v. NRDC*,
555 U.S. 7 (2008) .......... 7

**Statutes**

28 U.S.C. § 1292(b) .......... 3

*N.J.S.A.* 56:8-166.1 .......... 2, 11, 13

Plaintiffs-Appellees respectfully submit this opposition to Defendants-Appellants' Motion To Stay District Court Proceedings Pending Resolution of the Appeal.

## INTRODUCTION

Having waited 10 months since their first request for a stay, and 21 months since this appeal was docketed, to file their Motion, and now facing only basic discovery obligations below, Defendants cannot plausibly ask this Court for a stay pending appeal at this stage of the proceedings—particularly given their vanishingly low probability of success on the merits of their facial challenge. As explained in Plaintiffs' Supplemental Brief, Defendants have virtually no chance of success on their facial First Amendment challenge to Daniel's Law as a whole because they come nowhere close to satisfying their burden under *Moody v. NetChoice, LLC*, 603 U.S. 707 (2024). These cases have been delayed far too long by this unproductive First Amendment challenge, and should not be delayed any longer by Defendants' eleventh-hour stay request.

Even if this Court decides to extend *New York Times v. Sullivan*'s actual malice requirements to this context and invalidates *N.J.S.A.* 56:8-166.1(c)(1) in applications in which proof of mental state is not required, these cases will go forward regardless on (1) claims for actual or liquidated and punitive damages predicated on reckless or willful disregard for the law under *N.J.S.A.* 56:8-166.1(c)(1) and (c)(2); (2) claims

for attorney's fees and costs under *N.J.S.A.* 56:8-166.1(c)(3); and (3) claims for equitable relief under *N.J.S.A.* 56:8-166.1(c)(4). Those claims present the same discovery issues as claims for actual or liquidated damages without proof of mental state under *N.J.S.A.* 56:8-166.1(c)(1). So again, even in Defendants' best-case scenario, there is no reason to stay discovery, particularly given Defendants' inexplicable delay in filing this Motion and inability to show irreparable harm.

What Defendants are demanding is judicial permission to continue disclosing addresses and phone numbers of covered persons in flagrant disregard of the law—all the while pretending that there is a serious question of culpability present in these cases in their arguments about *mens rea*. But Plaintiffs and the public have an overriding interest in protecting privacy and safety, which requires just and speedy adjudication in these cases to clear the way for Daniel's Law to be enforced. The Motion should be denied.

## **BACKGROUND**

### **Pertinent History of The Appeal**

This appeal arises out of the various Defendants' motion to dismiss the numerous cases now consolidated before this Court on the ground that Daniel's Law, N.J.S.A. 56:8-166.1, facially violates the First Amendment.

On December 2, 2024, the district court denied Defendants' motion to dismiss and found that Daniel's Law did not facially violate the First Amendment and certified that order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). JA131.

On December 12, 2024, Defendants filed a joint petition for leave to file an interlocutory appeal. JA001–071. On March 18, 2025, this Court granted Defendants' petition and set an expedited briefing schedule for the substantive appeal. JA138–142.

Notably, Defendants did not rush to file their briefing. On May 7, 2025, Defendants successfully obtained an extension of time to file their reply brief. Dkt. 52.

This Court heard oral arguments on July 8, 2025.

Thereafter, on September 2, 2025, this Court entered an order requesting certification of state law questions to the New Jersey Supreme Court. Dkt. 103 at 3–4. On October 16, 2025, the New Jersey Supreme Court accepted the certified questions. Dkt. 107.

The parties briefed the certified question in the winter of 2025 and the New Jersey Supreme Court held oral argument on March 17, 2026.

Six months later, on August 12, 2026, the New Jersey Supreme Court issued its answer to this Court's certified question. *Atlas Data Privacy Corp. v. We Inform, LLC*, 2026 WL 2327966 (N.J. Aug. 12, 2026).

On August 12, 2026, this Court invited the parties to submit supplemental letter briefs. Dkt. 108.

On September 4, 2026—631 days after petitioning this Court for leave to appeal—Defendants filed the instant motion seeking a stay pending this Court's disposition of the appeal. Dkt. 121.

**Pertinent History of the District Court Proceedings**

Plaintiffs initiated these actions in February 2024, in state court in New Jersey. In the spring of 2024, Defendants removed their cases to federal court.

From the outset the district court managed the litigation in an ordered and pragmatic way. For example, on April 22, 2024, Judge Bartle stayed the cases through May 7, 2024, except as to remand motions and facial constitutional challenges. D.N.J. Dkt. 13.[1]

On December 2, 2024, the district court denied the Defendants' facial constitutional challenges and certified that order for appeal. JA131. As noted above, this Court granted permission for that interlocutory appeal to proceed.

Notwithstanding the then-pending appeal, and because Defendants did not apply for a stay, the district court allowed the proceedings to continue. D.N.J. Dkt.

---

[1] "D.N.J. Dkt." refers to docket numbers from *Atlas Data Privacy Corp. v. We Inform, LLC*, No. 24-cv-04037 (D.N.J.).

41. From December 2024 through May 2025, the district court allowed motions to dismiss on non-constitutional grounds to proceed. D.N.J. Dkt. 53.

Thereafter, in summer of 2025, the district court adjudicated motions to dismiss for lack of personal jurisdiction and ruled on discovery disputes related to those motions. *See e.g.,* D.N.J. Dkt. 81.

The Defendants continued to participate in the proceedings throughout the Fall of 2025.

On November 3, 2025—after the New Jersey Supreme Court accepted this Court's certified questions—Defendants requested that the district court stay the proceedings. Dkt. 121-2 at Ex. 3. The district court denied that request and no Defendant sought a stay pending appeal from this Court. *Atlas Data Privacy Corp. v. Joy Rockwell Enterprises, Inc.*, No. 1:24-cv-04389 (D.N.J.), Dkt. 72.

In January 2026, the district court resolved the personal jurisdiction motions.

In May 2026, after resolving all of the preliminary motions, the district court explored entering a case management schedule and discovery deadlines. D.N.J. Dkt. 105.

The district court proposed adopting a "bellwether" style approach, whereby some cases would proceed first and others would proceed later. The Defendants opposed that approach, demanding instead that all the cases proceed at once and all Defendants participate in them contemporaneously. Judge Bartle noted the

inconsistency in the Defendants' litigation strategy, stating: "I'm a little surprised by that argument because early on you and your colleagues all wanted me to stay all these cases until the Court of Appeals or the Supreme Court decided on the constitutionality. Now, all of a sudden, you want to speed it up." Ex. 1 at 40:25–41:4.

Judge Bartle initially ordered the bell-weather style approach, but Defendants moved for reconsideration, again arguing that they wanted all the cases to proceed.

Defendants convinced the district court to proceed on all the cases, which ruled: "We're going to go forward. . . . Defendants seem to want to move forward so the thing doesn't last ten years, this matter. Well, let's move forward. . . . Early on in this case you wanted me to stay everything, and now you want to move forward. Well, I'm going to give you an opportunity to move forward." Ex. 2 at 38:5-7.

Accordingly, the court ordered Rule 26 conferences and written discovery to go forward in all the cases.

Soon thereafter the New Jersey Supreme Court issued its answer to the certified questions. Defendants then again sought to stay the cases notwithstanding that they recently told the district court that they wanted all the cases to proceed. August 14, 2026 letter requesting stay. *Atlas Privacy Corp. v. Innovis Data Solutions, Inc.*, No. 24-cv-04176, Dkt. 133. Plaintiffs were willing to agree to temporarily stay

certain discovery on the condition that the Rule 26 conferences and exchanges of electronic discovery information proceed. Dkt. 121-2 at Ex. 6. The district court denied Defendants' request to stay the cases on August 26, 2026. D.N.J. Dkt. 116.

On September 9, the district court amended its case management order such that no documents need to be produced nor depositions taken until 2027. D.N.J. Dkt. 119.

## STANDARD OF REVIEW

Courts should not award a stay under Rule 8(a)(2) relief unless the moving party demonstrates the demanding standards for such relief are met. *See, e.g.*, *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (recognizing that party requesting stay bears the burden of showing that circumstances justify exercise of that discretion). Burdening the movant so heavily is warranted because a "stay is not a matter of right, even if irreparable injury might otherwise result." *Virginia Ry. Co. v. United States*, 272 U.S. 658, 672 (1926); *Winter v. NRDC*, 555 U.S. 7, 24 (2008) (injunction is an "extraordinary remedy never awarded as of right."); *Trump v. Sec'y Commonwealth of Pa.*, 830 F. App'x. 377, 389 (3d Cir. 2020).

For a stay pending appeal, the movant must first show both (1) a "strong" likelihood of success on the merits and (2) irreparable injury absent a stay or injunction. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991). If those

threshold conditions are met, Courts consider all four factors: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *S.S. Body Armor I., Inc. v. Carter Ledyard & Milburn LLP*, 927 F.3d 763, 771 (3d Cir. 2019) (quoting *Hilton*, 481 U.S. at 776). Courts "balance the harms" only if the movant has established "the first two factors." *Id.* at 772.

## ARGUMENT

### I. Defendants Fail to Show Irreparable Harm.

Defendants waited 10 months after first seeking a stay and 21 months after initiating the underlying appeal to file a motion in this Court to stay discovery. "Equity aids the diligent, not the tardy." *Americans for Prosperity Found. v. Albence*, No. 26-2469, 2026 WL 2563151, at *5 (3d Cir. Aug. 31, 2026). Defendants' delay undermines any suggestion that Defendants will suffer irreparable injury. *See Lanin v. Borough of Tenafly*, 515 F. App'x. 114, 117–18 (3d Cir. 2013); *PFLAG, Inc. v. Trump*, No. 25-1279, 2026 WL 1429738, at * 6 (4th Cir. May 21, 2026) (unpublished opinion) (DeAndrea Gist, J., concurring) (long delay and continued willing compliance with district court order vitiated tardy assertion of irreparable harm). That is because the "failure to act sooner undercuts the sense of

urgency that ordinarily accompanies a motion for preliminary relief." *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 277 (2d Cir. 1985) (quotation omitted).

Indeed, Defendants' delay does not merely undermine any showing of irreparable harm—it independently justifies denying a stay pending appeal. *See, e.g.*, *Wilkins v. Hegseth*, 184 F.4th 254, 259–60 (4th Cir. 2026) (King, J., dissenting) (delay alone belies any irreparable harm); *Tough Traveler, Ltd. v. Outbound Products*, 60 F.3d 964, 968 (2d Cir. 1995) (delay standing alone may preclude the grant of equitable relief); *Ng v. Bd. of Regents of Univ. of Minn.*, 64 F.4th 992, 997–99 (8th Cir. 2023) (unreasonable delay is sufficient grounds alone to deny the relief). The question is whether the delay was reasonable. *See Ng*, 64 F.4th at 998. But Defendants never explain why it was reasonable for them to wait 21 months to file this Motion.

Defendants suggest alternatively that the New Jersey Supreme Court's answer or the district court's ordering of discovery conferences caused them to file their Motion. But neither event justifies their prior delay in seeking a stay of discovery. If litigating these cases causes Defendants to suffer a supposed chilling effect in the exercise of First Amendment rights, that harm also existed in December 2024 when the appeal was filed, in July 2025 when the appeal was argued, in summer 2025 when the district court ordered Defendants to brief the motions to dismiss, when earlier stays were lifted in the case, in September 2025 when the questions were

certified to the New Jersey Supreme Court and July 2026 when the Defendants demanded that all the case proceed and that they all get to participate and throughout the many months that followed those events.

At most, Defendants are expending money and time, which does not amount to irreparable harm. *Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough [for an irreparable injury.]") (citations omitted); *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 728 (3d Cir. 2004) (same). Nor does participating in discovery qualify as an irreparable harm. *See Luxshare, Ltd. v. ZF Auto. US, Inc.*, 15 F.4th 780, 783 (6th Cir. 2021) (having to participate in minimal discovery does not constitute irreparable harm); *Missouri v. Biden*, No. 3:22-CV-01213, 2022 WL 18142520, at * 3 (W.D. La. Nov. 2, 2022) (collecting cases and stating: "Numerous courts have held that ordinary discovery burdens, like those associated with preparing for and participating in depositions and/or the expense of discovery, do not constitute irreparable harm."); *Kwik Ticke Inc.t v. Spiewak*, No. 20-cv-01201, 2020 WL 5658723, at *1 (E.D.N.Y. Sept. 23, 2020) (similar); *Credit One Bank, N.A. v. Anderson*, 560 B.R. 84, 92 (S.D.N.Y. 2016) (similar).

And here, the discovery in the district court is still in its preliminary phase. The district court has only required conferences to take place regarding the scope of discovery and the parties to exchange requests for discovery and responses. There

is no prospect of documents being exchanged or a deposition to take place until 2027. D.N.J. Dkt. 119.

Finally, while Defendants spend pages spinning out a conspiracy theory about "Plaintiffs' gambit," Plaintiffs do not have "a current litigation strategy following the New Jersey Supreme Court's strict-liability ruling." Dkt. 121-1 at 10-12. As Plaintiffs explained in their Supplemental Brief, whether *N.J.S.A.* 56:8-166.1(c)(1) is constitutional in applications in which proof of mental state is not required is largely irrelevant to these cases because the complaints "allege recklessness" and each defendant has refused "to comply with Daniel's Law" for "extended periods" after receiving valid notifications. Dkt. 114 at 2 (quoting *Atlas Data Privacy Corp. v. We Inform*, 2025 WL 1787566, at *7 (D.N.J. Jun. 27, 2025)). Defendants simply refuse to comply with Daniel's Law, and their subjective culpability is not in doubt.

Defendants seem to argue that they are relieved from showing irreparable harm based on Plaintiffs' efforts to work with the district court to coordinate discovery. However, the direct consequence of being ordered to continue in the proceedings is self-inflicted because Defendants themselves demanded that they all be able to participate in the ongoing district court proceedings. As the district court stated: "Early on in this case you wanted me to stay everything, and now you want to move forward. Well, I'm going to give you an opportunity to move forward." Ex. 2 at 38:5–7.

## II. Defendants Have No Realistic Prospect of Succeeding on Their Facial Challenge.

To obtain a stay, Defendants must establish a probability of success on the merits that is "significantly better than negligible." *S.S. Body Armor I*, 927 F.3d at 772 (denying stay) (quotation marks and citation omitted). But Defendants come nowhere close to establishing a "reasonable probability" of success on their facial First Amendment challenge. *Association of N.J. Rifle & Pistol Clubs, Inc. v. Attorney General New Jersey*, 910 F.3d 106, 115 (3d Cir. 2018) (denying relief). As Plaintiffs explained in their Supplemental Brief, Defendants did not attempt to satisfy their burden under *Moody* and their *mens rea* argument is inconsistent with Third Circuit and Supreme Court precedent, which has never suggested that the actual-malice standard of *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964), applies to every speech restriction. Dkt. 114 at 1-5. And holding Daniel's Law unconstitutional would almost invariably create an immediate conflict with the New Jersey Supreme Court's decision in *Kratovil*, which upheld the statute even as applied to speech on a matter of public concern. *Kratovil v. City of New Brunswick*, 336 A.3d 201, 218 (N.J. 2025).

Defendants raised their facial challenge on a motion to dismiss, where courts must "accept[] all factual allegations in the complaint as true." *Plastic Surg. Ctr., P.A. v. Aetna Life Ins. Co.*, 967 F.3d 218, 229 (3d Cir. 2020) (citation omitted). That "strategic decision 'comes at a cost'": "[n]either parties nor courts can disregard the requisite inquiry into how a law works in all of its applications." *NetChoice v. Bonta*,

170 F.4th 744, 758, 760 (9th Cir. 2026) (quoting *Moody* at 744). Yet this self-described "diverse group of Defendants—from multi-national corporations to sole proprietorships to non-profit organizations—all with different interests" "facing dozens of unique actions involving tens of thousands of distinct claims (Mot at 2) have never explained how the law applies to each of them in these diverse circumstances, let alone develop a record for other possible applications of the Law.

Nor should there be any real likelihood that this Court will hold that Daniel's Law is invalid, whether facially or otherwise, because *N.J.S.A.* 56:8-166.1(c)(1) operates with a notice-based standard rather than a textually expressed negligence element. As Plaintiffs explained, the First Amendment does not require proof of fault or subjective mental-state in every context, and this Court's own precedent has upheld even the "imposition of criminal sanctions on the basis of strict liability" in the face of First Amendment challenges. Dkt. 114 at 4 (quoting *U.S. v. Tyson*, 947 F.3d 139, 147 (3d Cir. 2020)). Thus, Defendants have not "demonstrated a reasonable chance of prevailing" and their request for a stay may be denied on that basis alone. *In re Ligado Networks LLC*, 2026 WL 611177, at *3 (3d Cir. Mar. 2, 2026) (unpublished opinion).

## III. Plaintiffs and the Public Interest Will Be Prejudiced by a Stay.

Defendants' Motion and their strategic decisions clearly indicate that Defendants will continue to violate Daniel's Law so long as these cases remain

unresolved. Now years into this litigation, most Defendants have done nothing to comply with the statute, assuming that this Court will ultimately hold the statute facially invalid, freeing them from any and all liability for their persistent and unquestionably deliberate violations of the rights of thousands of covered persons.

Contrary to Defendants' argument, a stay is not required to give this Court the opportunity to address constitutional questions raised by the appeal. The Court will decide this appeal regardless of whether discovery proceeds in the district court. But the public does have an interest in making sure that the trial level lawsuits asserting violations of Daniel's law are adjudicated timely and expeditiously, which clearly militates against Defendants' half-hearted attempt to equate the public's interests with their own.

Daniel's Law was enacted to protect and keep safe certain public officials and their families, to allow them to perform their jobs without fear of personal harm or harassment and has been upheld as narrowly tailored in furtherance of further New Jersey's interests of the highest order. Covered persons brought these lawsuits to enforce the statute and protect the privacy and safety of themselves and their families. These cases have been pending for almost 2 years. All along, Plaintiffs have worked cooperatively with the district court (and the state courts entertaining most Daniel's Law suits) to manage the proceedings in a just and speedy manner. Halting discovery in these cases will only further delay effective enforcement of

covered persons' rights under the statute and allow Defendants to continue to expose Plaintiffs to a risk of potentially deadly and certainly irreparable harm on a daily basis. Defendants' "delay is inequitable, and further delay would wreak further inequity." *Sec'y Commonwealth of Pa.*, 830 F. App'x. at 390 (unpublished opinion).

## CONCLUSION

For all the foregoing reasons, the motion for stay pending appeal should be denied in all respects.

Dated: September 14, 2026

Respectfully submitted,

**BOIES SCHILLER FLEXNER LLP**

By: */s/ Adam R. Shaw*
Adam R. Shaw
30 South Pearl Street, 12th Floor
Albany, NY 12207
Tel: (518) 434-0600
ashaw@bsfllp.com

Mark C. Mao
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com

Eric M. Palmer
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Tel: (954) 377-4250
epalmer@bsfllp.com

**PEM LAW LLP**
Rajiv D. Parikh

Kathleen Barnett Einhorn
Jessica A. Merejo
One Boland Drive, Suite 101
West Orange, New Jersey 07052
Tel: (973) 577-5500
rparikh@pemlawfirm.com
keinhorn@pemlawfirm.com
jmerejo@pemlawfirm.com

*Attorneys for Plaintiffs-Appellees*

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Fed. R. App. P. 32(a)(7) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 3,297 words. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Times New Roman.

Dated: September 14, 2026

/*s/ Adam R. Shaw*
Adam R. Shaw

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the appellate CM/ECF system on September 14, 2026.

Dated: September 14, 2026

*/s/ Adam R. Shaw*
Adam R. Shaw